United States District Court
Western District of Texas
Waco Division

**Jermaine Irby**,
   Plaintiff,

v.

**Christine Wormuth, Secretary of the United States Army**,
   Defendant.

Case No. 6:21-cv-01143-ADA-JCM

### Response in Opposition to the Motion for Summary Judgment And Motion to Withdraw Deemed Admissions

Defendant Christine Wormuth, Secretary of the United States Army, files this response in opposition to Plaintiff Jermaine Irby's Motion for Summary Judgment. Irby served improper requests for admissions, which are outside the scope of Federal Rule of Civil Procedure 36(a). Thus, Defendant's lack of response to the requests does not constitute any admissions under Rule 36. Alternatively, Defendant asks the Court to grant Defendant's pending motion to stay discovery and deny as moot Irby's motion for summary judgment. If the Court disagrees with the two propositions, Defendant asks the Court to consider its motion to withdraw deemed admissions and to deny as moot Irby's motion for summary judgment.

**I. Procedural History**

Irby raises one claim of retaliation under Title VII against Defendant. Doc. 2. Irby's Complaint alleges that Gorres is Irby's former and current supervisor and retaliated against him by providing false and inaccurate statements to the Army and the committee reviewing Irby's credentials. Doc. 2. Irby believes that resulted in his loss of credentials and transfer to a less desirable position. Doc. 2. Irby argues that Gorres had retaliatory animus toward Irby because Irby filed an EEO complaint against him in 2015. Doc. 2.

On July 1, 2022, Defendant filed a Motion for Judgment on the Pleadings and to Stay Discovery pending the Resolution of that Motion. Docs. 12, 17. Irby filed a response opposing the motion for judgment. Doc. 16. The two motions are currently pending.

Soon after Defendant filed its motions, Irby served his first set of discovery requests on July 5, 2022. His discovery requests included requests for production, interrogatories, and requests for admissions. Doc. 18-1. At issue here are his requests for admissions.[1] Doc. 18-1 at 8-9. Defendant has not responded to those requests for the reasons stated below.

## II. Irby's requests for admissions are improper and thus do not fall under Rule 36.

Under Rule 36(a), a party "may serve on any other party a written request to admit . . . the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents." Fed. R. Civ. P. 36(a). "Rule 36 allows litigants to request admissions as to a broad range of matters, including ultimate facts, as well as applications of law to fact." *In re Carney*, 258 F.3d 415, 419 (5th Cir. 2001). "Rule 36 is not a discovery device, and its proper use is as a means of avoiding the necessity of proving issues which the requesting party will doubtless be able to prove." *Pickens v. Equitable Life Assur. Soc. of U. S.*, 413 F.2d 1390, 1393 (5th Cir. 1969).[2] By eliminating that necessity, requests for admissions "allow[] litigants to winnow down issues prior to trial and thus focus their energy and resources on disputed matters." *Carney*, 258 F.3d at 419.

Given that purpose, "[r]equests for admissions cannot be used to compel an admission of a conclusion of law," and "Rule 36 should not be employed to establish facts that are obviously in dispute." *Id.* (internal quotation marks omitted). In other words, "requests for admissions are properly used for facts or facts as applied to law, not pure legal conclusions." *Warnecke v. Scott*, 79 F. App'x 5, 6 (5th Cir. 2003). "Requests for admissions are not intended to relieve a plaintiff of proving the material facts of his case, but rather to avoid the need to prove facts which the plaintiff will doubtless be able to prove." *Agueros v. Vargas*, No. CIVA SA-07-CV-0904 X, 2008

---

[1] Defendant refers to Doc. 18-1 and does not quote Irby's requests for admissions, as Irby has attached them as an exhibit to his motion.

[2] Although the Fifth Circuit noted that "*Pickens* was decided before the 1970 amendments to Rule 36 and thus cannot be relied upon in its entirety," it remains binding precedent in this Circuit. *Le*, 2007 WL 715260, at *2 n.2.

**Response in Opposition to the Motion for Summary Judgment**                                                                                                 2

WL 2816031, *1 (W.D. Tex. July 21, 2008). Here, Irby attempts to use requests for admissions precisely for the purposes admonished by the Fifth Circuit and the judges in this district—"to compel an admission of a conclusion of law," "to establish facts that are obviously in dispute," and "to relieve a plaintiff of proving the material facts of his case." *Id.*; *Carney*, 258 F.3d at 419.

First, Defendant's Motion for Judgment on the Pleadings clearly put in dispute facts sought by Requests for Admissions Nos. 1, 2, 3, 4, 9, 12, 13, and 14, showing that those requests seek "to establish facts that are obviously in dispute." *Carney*, 258 F.3d at 419. Requests Nos. 2 and 4 ask Defendant to admit that "Gorres's comments regarding the reprimand received by Jermaine Irby were inaccurate and described allegations for which he was not reprimanded," and "the comments made by LTC Gorres to D-SAACP Review Committee were retaliatory in nature." Doc. 18-1 at 8. Defendant has plainly disputed those allegations in its motion, arguing that "Gorres's statement was consistent with the factual allegations," Gorres did not have any retaliatory animus, and "Gorres did not intend the denial" of Irby's credentials. Doc. 12 at 10-11.

Similarly, Requests Nos. 1, 3, and 9 ask to admit that Irby's credentials "were not reinstated because of statements made by LTC Gorres's statement to the D-SAACP Review Committee," "the actual letter of reprimand given to Jermaine Irby contained false statements," and "SFC Cupit's complaints regarding . . . Irby were determined to be unfounded." Doc. 18-1 at 8. The motion for judgment clearly disputes these statements, as it asserts, "There is no factual allegation . . . that the reported infractions were inaccurate," Doc. 17 at 2 (alteration in original), and "the denial [to reinstate Irby's credentials] was the result of Irby's own conduct and corresponding disciplinary action," Doc. 12 at 11.

Likewise, Requests No. 12 and 13 address whether "Irby's current position as a training coordinator is less influential, prestigious, and desirable than his previous position as a SHARP trainer," and "Irby would make more money than he currently does if his D-SAACP credentials had been reinstated and he was able to resume work as a SHARP trainer." Doc. 18-1 at 9. Defendant has disagreed with these statements, asserting that Irby's transfer to another position

**Response in Opposition to the Motion for Summary Judgment**                                                         3

"did not affect Irby's compensation, benefits, working conditions, or other factors." Doc. 17 at 3 (internal quotation marks omitted).

Similarly, Request No. 14 asks Defendant to identify that "it was not typical practice to allow LTC Gorres, who had not recently supervised Jermaine Irby, to comment on the reinstatement of D-SACCP credentials." Doc. 18-1 at 9. Defendant has disputed this statement, arguing that "the committee initiated the contact with Gorres and that Gorres provided the statements consistent with the circumstances," the committee is a third-party organization bearing no relation to the Army, and the Army has no influence on that organization's decision. Doc. 12 at 6-7, 10.

Next, Request No. 7 inappropriately seeks "an admission of a conclusion of law," *Carney*, 258 F.3d at 419; *Warnecke*, 79 F. App'x at 6, by asking Defendant to admit that "the letter of reprimand given to . . . Irby by LTC Gorres was an act of retaliation against Mr. Irby because of his prior EEO complaint against LTC Gorres." Doc. 18-1 at 9. That is precisely the entirety of Irby's legal claim here—that Gorres retaliated against Irby because of Irby's prior EEO Complaint.

The remaining requests raise factual allegations, which Defendant has consistently disputed, necessary to prove that Gorres harbored retaliatory animus toward Irby. Specifically, Irby seeks Defendant to admit that "Gorres has been accused of retaliation by multiple employees," "Gorres holds grudges," "Irby was not in the office on the dates where Mr. Gorres alleged that he 'created a hostile environment,'" "Gorres had previously been required to undergo additional training for communication issues as a result of the complaint filed against him by" Irby, and "Irby was not fully informed of the full scope of investigations involving him during the relevant period." Doc. 18-1 at 8-9. Defendant has put those facts "obviously in dispute," *Carney*, 258 F.3d at 419, arguing that the circumstances of this case "do not show that [Gorres] was motivated by retaliatory animus," or that he "intended to cause the denial decision," Doc. 12 at 10. By attempting to have Defendant admit those disputed facts, Irby also seeks to "prove [his] case through" the admissions, which is improper. *Cameron v. Christian*, No. CV

**Response in Opposition to the Motion for Summary Judgment**                                              4

SA-06-CA-325-FB, 2007 WL 9702973, at *3 (W.D. Tex. July 6, 2007). "The facts sought by the requests for admission are central to proving" Irby's claim of Gorres's retaliatory animus, which is an improper use of requests for admissions. *Agueros*, 2008 WL 2816031, at *1.

As shown, Irby's requests for admissions exceed the scope of Rule 36 by "compel[ling] an admission of a conclusion of law," and seeking "to establish facts that are obviously in dispute." *Carney*, 258 F.3d at 419 (internal quotation marks omitted). When requests for admissions "are beyond the proper scope" of Rule 36, as here, the Fifth Circuit has held, "Such requests have consistently been held improper." *Pickens*, 413 F.2d at 1393. When a party serves upon the other party improper requests for admissions that are "without the purview of Rule 36(a)," as Irby did here, *Pickens* determined that the responding party's "failure to reply to the request does not fall within the ambit of Rule 36(a) and constitutes no admission," and refused to attribute an admission to the responding party. *Id.* at 1393-94. *Pickens* compels a finding that Irby's Requests for Admission are improper and Defendant's lack of a response "constitutes no admission."

In response, Irby might argue that this Court should not follow *Pickens*, relying on *Le* that states, "*Pickens* was decided before the 1970 amendments to Rule 36 and thus cannot be relied upon in its entirety." 2007 WL 715260, at *2 n.2. That argument ignores the binding nature of *Pickens*. A precedent remains binding "absent an intervening change in the law, such as by a statutory amendment, or the Supreme Court, or our en banc court." *United States v. Traxler*, 764 F.3d 486, 489 (5th Cir. 2014) (internal quotation marks omitted). None has occurred with respect to *Pickens*. *Le* is an unpublished decision issued by a panel of the Fifth Circuit, and "one panel of [the Fifth Circuit] may not overturn another panel's decision." *Id.* In fact, *Le* did not acknowledge that *Pickens* was overturned.

As noted in *Le*, Defendant concedes that the Fifth Circuit issued *Pickens* before the 1970 amendments to Rule 36. But those amendments did not affect at all *Pickens*'s holding that improper requests for admissions exceeding the scope of Rule 36, as Irby's requests for admissions here, do not fall within the ambit of Rule 36(a). According to the comments to the

1970 amendments, the amendments revised Rule 36 in three aspects: "the proper scope of the rule" and "the procedural operation of the rule," and "the binding effect of an admission." Cmt. Fed. R. Civ. P. 36.  By making those changes, the amendments did not prescribe any course of action as to improper requests for admissions that fall outside the proper scope of Rule 36(a). Accordingly, courts have continued to follow the course in *Pickens* and refused to accept "improper" requests for admissions.  *United States v. Petroff-Kline*, 557 F.3d 285, 293 (6th Cir. 2009) (holding when a party served improper requests for admissions and the opposing party did not answer, "there is a serious question as to whether [the serving party] could rely on the [the responding party's] purported admissions-by-silence even on her own terms"); *Flowers v. Texas Mil. Dep't*, 391 F. Supp. 3d 655, 672 n.25 (S.D. Tex. 2018); *Thompson v. Beasley*, 309 F.R.D. 236, 240 (N.D. Miss. 2015); *Coach, Inc. v. Horizon Trading USA Inc.*, 908 F. Supp. 2d 426, 423-33 (S.D.N.Y. 2012).  That shows that the 1970 amendment did not affect *Pickens*'s relevant holding and that this holding binds this Court.

For the reasons stated above, Irby's requests for admissions fall outside the scope of Rule 36(a) and are thus improper.  Accordingly, *Pickens* binds this Court to hold that Defendant's lack of responses "does not fall within the ambit of Rule 36(a) and constitutes no admission." *Pickens*, 413 F.2d at 1394.

### III. Alternatively, the Court should grant Defendant's pending motion to stay discovery and allow Defendant to answer requests for admissions after the stay is lifted.

If the Court decides to deem Irby's requests as proper, the Court should grant Defendant's pending motion to stay discovery and allow Defendant to respond to Irby's requests for admissions after the stay is lifted.  As noted, Irby served requests for admissions after Defendant filed a motion to stay discovery pending resolution of the motion for judgment.  This Court has authority to extend Defendant's deadline to answer requests for admissions under Rule 36.

Rule 36 governing requests for admissions states, "A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney."  Fed.

**Response in Opposition to the Motion for Summary Judgment**                                                                        6

R. Civ. P. 36(a)(3).  It further notes, "A shorter or longer time for responding may be stipulated to under Rule 29 or *be ordered by the court*." *Id.* (emphasis added).

In addition, "The district court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Fujita v. United States*, 416 F. App'x 400, 402 (5th Cir. 2011) (internal quotation marks omitted).  "A district court properly exercises this discretion to stay discovery upon a showing of good cause." *Bickford v. Boerne Indep. Sch. Dist.*, No. 5:15-CV-1146-DAE, 2016 WL 1430063, *1 (W.D. Tex. Apr. 8, 2016).  The Fifth Circuit has "held that where discovery would not be useful to the resolution of a pending [dispositive] motion presenting a question of law," a district court may grant a motion to stay discovery.  *Sapp v. Mem'l Hermann Healthcare Sys.*, 406 F. App'x 866, 870 (5th Cir. 2010).  "A district court properly exercises this discretion to stay discovery upon a showing of good cause." *Bickford*, 2016 WL 1430063, *1.  "To determine whether a stay is appropriate a district court must balance the harm produced by the delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." *Id.* (internal quotation marks omitted).  "In the context of a motion to dismiss,"—which is substantially similar to a motion for judgment under Rule 12(c)—"a district court has discretion to stay discovery if the disposition of the motion might preclude the need for discovery altogether." *Primesource Bldg. Prod., Inc. v. Lee Grp. Int'l, Inc.*, No. 3:19-CV-02878-X, 2020 WL 6140462, at *1 (N.D. Tex. Aug. 12, 2020).

Here, Defendant has filed the motion for judgment, which "may dispose of the case," as well as the motion to stay discovery.  *Fujita*, 416 F. App'x at 402.  "Regarding the strength of the motion" for judgment, "upon a cursory examination," the Court has enough grounds to "conclude [Defendant's] arguments are not frivolous and merit serious consideration." *Primesource Bldg. Prod.,* 2020 WL 6140462, at *2.  Upon serious consideration, the Court's disposition of the motion for judgment might "entirely eliminate the need for . . . discovery." *Bickford*, 2016 WL 1430063, *1.

**Response in Opposition to the Motion for Summary Judgment**                                                                                          7

On the other hand, there is little harm produced by the delay in discovery. Irby has not shown any harm, as he did not raise any objection to the motion to stay in his response. Doc. 16. Furthermore, Irby filed a response to the motion for judgment before Defendant served any discovery responses, showing that "discovery is [not] necessary to develop facts to help defend against Defendant's" motion for judgment. *Bickford*, 2016 WL 1430063, *2. That clearly establishes that "discovery would not be useful to the resolution of a pending [dispositive] motion presenting a question of law." *Sapp*, 406 F. App'x at 870.

A delay in discovery does not prejudice Irby because he has ample time to conduct discovery prior to the January 23, 2023, deadline. Doc. 8. If Irby seeks additional time for discovery and shows a good cause for an extension, Defendant is willing to agree upon an extension of time, given the trial for this case is set for June 2023. Accordingly, the Court should grant Defendant's motion to stay discovery.

Upon granting the motion to stay, the Court should extend Defendant's deadline to answer Irby's requests for admissions to a date after the stay is lifted. As noted, "Because the district court has the power to allow a longer time [under Rule 36], courts and commentators view this to mean that the court, in its discretion, may permit the filing of an answer that would otherwise be untimely." *Gutting v. Falstaff Brewing Corp.*, 710 F.2d 1309, 1312 (8th Cir. 1983). "Therefore, the failure to respond in a timely fashion does not require the court automatically to deem all matters admitted." *Id.*; *Petroff-Kline*, 557 F.3d at 293 (holding the same). Using this authority, the Court should not deem Defendant's silence as deemed admissions but permit Defendant to respond after stay is lifted, which will moot Irby's motion for summary judgment. Irby's summary judgment should be denied as moot on this ground.

## IV. If the Court disagrees with the above two propositions, Defendant moves to withdraw deemed admissions.

If the Court deems the requests for admissions as proper and chooses not to grant the motion to stay, Defendant seeks to withdraw deemed admissions under Rule 36(b). Defendant concedes that it did not respond to Irby's requests for admissions within thirty days of service.

**Response in Opposition to the Motion for Summary Judgment** 8

Rule 36 states, "A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Fed. R. Civ. P. 36(a)(3).  It further states, "A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended."  *Id.*  "Subject to Rule 16(e), the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits."  *Id.*  "This provision *emphasizes the importance of having the action resolved on the merits*, while at the same time assuring each party that justified reliance on an admission in preparation for trial will not operate to his prejudice."  Cmt. *Id.* (emphasis added).

"The first prong under the Rule 36(b) framework requires that the withdrawal promote the presentation of the claims on the merits of the case.  Withdrawal of a deemed admission is appropriate in cases in which the admissions at issue directly bear on the merits of the case." *Mendez v. Joeris Gen. Contractors, Ltd.*, No. CIV.A. SA-12-CA-0608, 2013 WL 3153982, *3 (W.D. Tex. June 18, 2013).  This prong is satisfied here because "the admissions go to the heart of the case, such that leaving them in place would effectively eliminate a decision on the merits." *Id.*

Irby raises one Title VII claim of retaliation.  "To state a Title VII retaliation claim, the Plaintiff must allege facts that tend to establish," *Richards v. JRK Prop. Holdings*, 405 F. App'x 829, 831 (5th Cir. 2010), "(1) that he participated in an activity protected by Title VII, (2) that his employer took an adverse employment action against him, and (3) that there is a causal connection between the adverse employment action and the protected activity," *Alkhawaldeh v. Dow Chem. Co.*, 851 F.3d 422, 427 (5th Cir. 2017).  Here, Defendant's deemed admissions—if the Court considers them as deemed admissions—include admissions that Gorres's comments about Irby to the review committee were retaliatory in nature and that Gorres gave the letter of reprimand as an act of retaliation.  "Each of these admissions are independently dispositive and

**Response in Opposition to the Motion for Summary Judgment**                                                                                       9

would eliminate Plaintiff's prima facie case for" retaliation. *Mendez,* 2013 WL 3153982, at *3. "The admissions are also one of the bases for" Irby's motion for summary judgment and touch upon facts disputed by Defendant in its motion for judgment. *Id.* Furthermore, "the requests seek admissions of legal conclusions or central facts in dispute, rather than issues on which there is no dispute," and Irby "could prove [his] case through the deemed admissions." *Cameron*, 2007 WL 9702973, at *3. "Accordingly, withdrawing the deemed admissions would promote presentation of the merits of the action." *Mendez,* 2013 WL 3153982, at *3.

"The second prong established by the Rule 36(b) framework for withdrawal of deemed admissions requires that the party opposing withdrawal not be prejudiced by the withdrawal." *Id.* at *4. This prong is also satisfied here. Irby's motion for summary judgment "was not filed after the close of full discovery, but was filed solely on the basis of the deemed admissions, which occurred right at the start of the discovery period." *Juarez v. Target Corp.*, No. SA-18-CV-00364-XR, 2019 WL 919014, *4 (W.D. Tex. Feb. 25, 2019). As noted, Irby served his first discovery requests on July 5, and only less than two months have passed since then. He also has until January 23, 2023, to conduct discovery, and Defendant is willing to agree to an extension if he seeks extension of time on discovery upon conferral and a showing of good cause. Thus, "[r]estoring the case to the position [Irby] would have been in had discovery been timely answered would not prejudice" him. *Id*.

Lastly, "Even when these two factors are established, a district court still has discretion to deny a request for leave to withdraw or amend an admission." *Carney*, 258 F.3d at 419. "Though the Court has discretion to deny motions to withdraw deemed admissions even when the requirements of Rule 36(b) are met," there is "no reason to do so here." *Juarez*, 2019 WL 919014, at *4. When Irby moved for summary judgment, "discovery was in its earliest stages." *Id.* "In fact, there were still [five] more months before the discovery deadline expired." *Id.* Irby "had served [his] initial discovery but it appears that no depositions had occurred and there is no

**Response in Opposition to the Motion for Summary Judgment** 10

indication that [defendant] had conducted any discovery."[3] *Id.* That means Irby would not "have any special difficulty in obtaining evidence if withdrawal or amendment is allowed at this time." *Cameron*, 2007 WL 9702973, at *4.

Furthermore, Defendant's lack of response is inadvertent at most. Defendant already had a pending motion to discovery, and its request for an extension of time to respond to Irby's requests or responses to the requests would have mooted Defendant's motion to stay discovery. Taking such course of action would indicate that Defendant "agreed to perform the same action that it requested the court to postpone," and that "the Motion to Stay Discovery was unnecessary." *Alford v. State Parking Servs., Inc.*, No. 3:13-CV-4546-L, 2015 WL 477267, at *4 (N.D. Tex. Feb. 5, 2015). Defendant is also promptly seeking the Court's intervention, as it files this motion as soon as Irby raises Defendant's lack of response as an issue and approximately three weeks "after the deadline for responding to the requests for admission." *Mendez*, 2013 WL 3153982, at *4. This "behavior does not suggest that [Defendant] is indifferent regarding the progression or outcome of the case." *Id.* Thus, just as Judge Rodriguez did in *Juarez* and *Mendez*, this Court should hold that "the deemed admissions should be withdrawn." *Juarez*, 2019 WL 919014, at *4; *Mendez*, 2013 WL 3153982, at *4; *Agueros*, 2008 WL 2816031, at *2; *Cameron*, 2007 WL 9702973, at *4.

## V. Conclusion

Defendant asks that the Court hold (1) Irby's requests for admissions are improper and thus fall outside the scope of Rule 36(a); (2) grant Defendant's motion to stay discovery and deny as moot Irby's motion for summary judgment; or (3) grant Defendant's motion to withdraw deemed admission and deny as moot Irby's motion for summary judgment.

---

[3] The parties have not noticed or conducted any depositions in this case, and Defendant has not served any discovery requests.

**Response in Opposition to the Motion for Summary Judgment** 11

                                              Respectfully submitted,

                                              **Ashley C. Hoff**
                                              United States Attorney

By:    *Huiju Jeon*
                **Huiju Jeon**
                Assistant United States Attorney
                New York State Bar No. 5447792
                U.S. Attorney's Office
                601 NW Loop 410, Ste 600
                San Antonio, Texas 78216
                (210) 384-7315 (phone)
                (210) 384-7312 (fax)
                Huiju.jeon@usdoj.gov

                **Attorney for Defendant**